[S. F. No. 198.    Department Two.—August 8, 1896.]

## WILLIAM B. ROWE ET AL., APPELLANTS, *v.* JOSEPH S. SIMMONS ET AL., RESPONDENTS.

PARTNERSHIP—ACTION FOR DISSOLUTION AND ACCOUNTING—SUPPLEMENTAL COMPLAINT AGAINST RETIRED PARTNER—DISMISSAL.—In an action for a dissolution and accounting of partnership, a supplemental complaint against a former partner, who retired from the partnership five years before the action was brought, and twenty-one years before the supplemental complaint was filed, and who, when he retired, sold his interest to the remaining partner at an agreed valuation, is properly dismissed as to him, where the court finds, from the preponderance of evidence, that the partnership was dissolved, as to him, by consent at that time, and that he had never since been a member of it.

ID. — EVIDENCE OF DISSOLUTION — DECREES FORECLOSING MORTGAGES. — Where the retiring partner, when he left the partnership, received, for the transfer of his interest to his copartners, a mortgage upon real property held by the partnership, and a chattel mortgage upon its personal property, and, in subsequent actions to foreclose these mortgages, the remaining partners defended, upon the alleged ground that he had fraudulently induced them to pay for his interest more than it was worth, the theory of their defense being that the partnership had been dissolved, and no attempt being made to set aside the dissolution, such decrees, and the mortgages upon which they are based are admissible, in a subsequent action against the mortgagee for dissolution and accounting of the partnership, as tending to show the fact of a dissolution of the partnership when the mortgages were given.

ID.—DISMISSAL AS TO ONE DEFENDANT—FINALITY OF JUDGMENT—PENDENCY OF ACTION AGAINST CODEFENDANTS.— A final judgment of dismissal as to one defendant, in an action for a dissolution and accounting of a copartnership, is proper, when it is found that he is not a member of the partnership; and it is no objection to the finality of such judgment that it is not a final determination of the rights of all the parties, and that the action is still pending as to other defendants.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. CHARLES W. SLACK, Judge.

*Charles F. Hanlon,* and *Blake, Williams, & Harrison,*
for Appellants.

*Sidney V. Smith,* for Respondents.

McFARLAND, J. — Judgment was rendered by the
court below in favor of defendant Philip Simmons
against the plaintiff.

The action is to dissolve an alleged partnership. In
the original complaint, which was filed May 30, 1877,
it was alleged that a partnership existed between the
plaintiff and the defendants Joseph S. Simmons and
Alonzo R. Simmons; that Philip Simmons was taken
into the partnership in January, 1863, and remained a
partner until about the 18th of May, 1872, "when the
same was dissolved by the retirement therefrom of said
Philip Simmons."   Sixteen years afterward, to wit, Au-
gust 25, 1893, the plaintiff filed a supplemental com-
plaint, in which he made the said Philip Simmons a
defendant, and ·charged that he, Philip, was a member
of the partnership.   Philip filed an answer, in which
he denied that he was a partner, or had been since the
—— day of May, 1872; and he also pleaded the statute of
limitations, and that the alleged cause of action of the
plaintiff had become stale, and therefore not enforce-
able in a court of equity.

The court found that the partnership was dissolved
by the consent and agreement of all the copartners in
May, 1872.   It also found that the cause of action set
forth in the amended complaint against Philip Sim-
mons was barred by the provisions of section 343 of the
Code of Civil Procedure, and by laches; that the action
as to said Philip should be dismissed, and judgment
entered in his favor against plaintiff.   And judgment
was accordingly entered in favor of said Philip against
the plaintiff to the effect that plaintiff take nothing by
the action against said Philip, and that the latter have
judgment for his costs and disbursements.   The plain-
tiff moved for a new trial, and his motion was denied.

He appeals from the judgment and from the order denying a new trial. The defendant Alonzo Simmons also joins in said appeal.

It is unnecessary to consider the findings of the court as to the statute of limitations and laches, because the finding of the court that the partnership was dissolved in May, 1872, and that since then the said Philip has not been a member of said partnership, is amply supported by the evidence. In May, 1872, the other partners bought out the said Philip, and all his interest in said partnership, and the property owned by the partnership, for fifteen thousand dollars, and gave said Philip two mortgages, one upon certain real property held by the partnership for nine thousand dollars, and a chattel mortgage for six thousand dollars upon the personal property held by said partnership. The said Philip then went to the eastern states, and remained several years, and it was clearly proven by witnesses that all the remaining members of the firm declared that they had bought out the said Philip, and that the partnership was dissolved. Afterward, the said Philip, respondent herein, brought two actions to foreclose said mortgages. To these actions the other partners set up that they had been deceived as to the value of respondent's interest in said partnership; that they had not had an opportunity to examine the books, and erroneously believed that the firm, at the time of "Philip's retirement," was owing him fifteen thousand dollars, but that, instead of that being the fact, he, the said respondent, was really in debt to the firm and to the other partners. They described themselves as his "remaining partners," and made no pretense that the partnership had not been dissolved. It is quite apparent from their answers that their defense simply was that respondent had fraudulently induced them to pay more for his interest than it was worth; and the whole theory of their defense to these actions was, that the partnership had really been dissolved. Neither the plaintiff herein nor either of the other partners ever sought to set aside the dissolution

of the partnership. The plaintiff himself introduced the judgment-rolls in these two actions to foreclose said two mortgages. Afterward defendant introduced in evidence the said chattel mortgage, to which the appellant objected, and his objections being overruled, the plaintiff excepted; and this exception is one of the grounds upon which plaintiff asks for a new trial. The objection, however, we think, was properly overruled. Appellant seems to argue that these two suits and the mortgages are relied upon by respondent as estoppels. But, assuming that they were not estoppels, they were still evidence tending to show the fact of a dissolution of the partnership. They were transactions which would not likely have occurred if there had not been a dissolution of the partnership by the sale of the interest of respondent to the other partners. The object of the introduction of the chattel mortgage by the respondent was said by his attorney at the time to be for the purpose of showing a dissolution — "transactions that would not be likely to take place in case there was not a dissolution." When the respondent returned from the eastern states, several years after the time of the alleged dissolution of the partnership, it seems that he collected some rents on certain real property which had been owned by the partners, and this fact is urged by the appellant as showing that the partnership had not been dissolved. But the title to the real property was in the individual partners, and one of them had sold his interest in the real property to the respondent Philip, and he claimed that he had the right, as such owner, to collect the rents. He took no part whatever in the general business of the partnership. At the time of the dissolution, when he took the mortgages, he made a deed of his interest in the real estate to the other partners, but he had not delivered said deed because he claimed that he had a right to retain it until they had paid him the fifteen thousand dollars. It may be said that these facts, and some others not necessary to mention, had some tendency to support the contention of appellant that the

partnership had not been dissolved; but the most that can be said is, that these facts made some conflict of evidence.    All the evidence, however, taken together, not only justified the finding of the court upon the ground of a conflict, but strongly preponderates in favor of the conclusion reached by the court.

We see no good foundation for the technical point made by appellants in their final brief, that the judgment is invalid because it is not a final determination of the rights of all the parties.    The court, having found that the plaintiff had made no case against the defendant Philip, had clearly the power to dismiss the action as to him, and to give him judgment against plaintiff for his costs, notwithstanding the action was to proceed as between the plaintiff and the other defendants. The respondent, not being a partner, and therefore not being in any way liable to plaintiff upon the matters alleged in the complaint, was entitled to be dismissed from the action.    (Code Civ. Proc., sec. 581.)

Judgment and order affirmed.

TEMPLE, J., and GAROUTTE, J., concurred.

Hearing in Bank denied.

BEATTY, C. J., dissented from the order denying a hearing in Bank.