[Civ. No. 4566. First Appellate District, Division Two.—June 6, 1923.]

## LEWIS BRIGGS, Respondent, v. A. R. KOSICH, Appellant.

[1] PARTNERSHIP—DISSOLUTION—ACCOUNTING—SALE OF INTEREST TO COPARTNER—CONFLICTING EVIDENCE—FINDINGS—APPEAL.—In an action for the dissolution of a partnership and for an accounting, in which the defendant pleads that prior to defendant's sale of the business to a third party plaintiff sold his interest in the business to defendant for a specified consideration, the sale to defendant being evidenced by a bill of sale which is pleaded *in haec verba*, where the trial court finds on conflicting evidence that the bill of sale was not intended as an absolute transfer but was given by plaintiff to defendant for the purpose of enabling defendant to consummate a sale of the business for and on account of the partnership, and that at the time of sale the said business belonged to plaintiff and defendant in equal shares as copartners, such findings will not be interfered with by the appellate court.

[2] ID.—CONSIDERATION FOR BILL OF SALE—ERRONEOUS FINDING—APPEAL.—In such an action, the trial court having determined that the bill of sale was not intended as an absolute transfer but was given defendant to enable him to effect a transfer of the business for and on account of the partnership, the judgment of the trial court in favor of plaintiff will not be reversed on appeal because of any error in the findings as to consideration for the bill of sale, there being no contention that in making the accounting the trial court failed to give defendant credit for all expenditures made by him on behalf of the partnership.

APPEAL from a judgment of the Superior Court of Alameda County. George Samuels, Judge. Affirmed.

The facts are stated in the opinion of the court.

Glickman & Glickman for Appellant.

William W. Laidley for Respondent.

STURTEVANT, J.—The plaintiff commenced an action against the defendant to dissolve a partnership alleged to be existing between the two parties and to obtain an accounting. The trial court awarded him a judgment and the defendant has appealed. The plaintiff's complaint alleged the formation of a partnership, the commencement of business thereunder on the eighteenth day of August, 1921, and that the partnership conducted and managed a garage at 420 Twenty-third Street, in Oakland. The plaintiff further alleged that on the fifth day of January, 1922, the defendant sold the partnership business and refused to account to the plaintiff for any of the proceeds. Thereupon the plaintiff prayed that the partnership be dissolvel, that an accounting be had, and for other relief. The defendant came forward with an answer in which he admitted the creation of the partnership, and the sale of the business, but he denied that the sale was wrongful, or without the assent of the plaintiff, or that he held any of the proceeds in trust for the plaintiff. In addition to his denials the defendant set forth that on the sixteenth day of December, 1921, the plaintiff sold his interest to the defendant for the sum of $20, and an agreement on the part of the defendant that the defendant would assume and pay the partnership debts. The sale to the defendant was alleged to have been evidenced by a bill of sale which the defendant pleaded *in haec verba*. On the issues so made the parties went to trial. The trial court thereafter duly made its findings and ordered judgment in favor of the plaintiff in the sum of $550.

[1] The appellant strenuously contends that the bill of sale to him should have been treated by the trial court as an absolute transfer *in praesenti*, whereas the trial court, on that subject, made findings as follows:

"That on or about the 16th day of December, 1921, plaintiff at request of defendant executed and delivered to defendant a bill of sale of all of plaintiff's right, title, and interest in and to said garage business, said bill of sale being given by plaintiff to defendant for the purpose of allowing plaintiff to seek employment elsewhere and also for the purpose of enabling defendant, should the occasion arise, to consummate sale of said garage business for and on account of said copartnership. That the only consideration for said bill of sale was the sum of $20.

"That on the 5th day of January, 1922, defendant was not the sole and absolute owner of said garage business located as aforesaid, but that said garage business was then and there the property of and belonged to plaintiff and defendant in equal shares as copartners therein; that said bill of sale was not an absolute conveyance to defendant of plaintiff's right, title, and interest in said garage business, but that defendant took said bill of sale solely and only as the agent of plaintiff in order that defendant could without undue delay, consummate a sale of said garage business for and on account of said copartnership." On the subjects contained in the foregoing findings there was conflicting evidence. The plaintiff testified in support of the theory on which the findings were framed. The defendant gave testimony to the effect that the bill of sale was, and was intended to be, an absolute transfer taking effect as of its date. Under these circumstances a court of review is not entitled to interfere.

[2] Appellant objects to the finding "That the only consideration for said bill of sale was the sum of $20," and contends that the bill of sale to the defendant was as stated in the bill of sale, "in consideration of the sum of $20 gold coin of the United States," and he also calls attention to the last sentence in the bill of sale, which is that "Mr. Kosich is to resume all obligations of the said garage," and he contends that that sentence is to be construed as though the word "resume" were the word "assume," and that the subject matter constituted additional consideration. These contentions are but to present a false issue. The real issue involved was dissolution or no dissolution. The bill of sale, made for a consideration or no consideration, was but one item of evidence of proof on the subject before the court—

dissolution or no dissolution. (*Rowe* v. *Simmons,* 113 Cal. 688 [45 Pac. 983].) It was not contended in the trial court and it is not contended in this court, that the purported bill of sale was inoperative for any purpose because it was not supported by any consideration, or because the consideration was insufficient. But, admitting it was an operative transfer, the issue is, "For what purpose?" The amount of the consideration was immaterial.

We do not understand the appellant to contend that the trial court failed to give the appellant credit for all expenditures made by him on behalf of the partnership business. An examination of the record shows that the appellant's counsel was permitted to introduce evidence on every item which it was contended the appellant had expended, and later the trial court gave the appellant credit for all of those items.

We find no error in the record. The judgment is affirmed.

Nourse, J., and Langdon, P. J., concurred.